# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

**BRANDON D. FRANKLIN,**
[DOB: 06-10-1986]

**DOUGLAS K. FRANKLIN,**
[DOB: 10-15-1958]

**CAITLYN E. FRANKLIN,**
[DOB: 04-05-1988]

**JEREMY W. ELLIOTT,**
[DOB: 00-00-0000]

**TRAVIS L. ELLIOTT,**
[DOB: 09-03-1976]

**AUSTIN B. NAIL,**
[DOB: 12-07-1988]

**DEWAYNE T. BARNHART,**
[DOB: 02-02-1977]

**DAYNE T. NAIL,**
[DOB: 12-07-1988]

**RAY O. MCCALL,**
[DOB: 09-24-1943]

      and

**JESSE HUDSON,**
[DOB: 05-05-1986]

        Defendants.

No. 12-03085-01/10-CR-S-RED


**COUNT 1**
18 U.S.C. § 1349
NMT 20 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class C Felony

**COUNT 2**
21 U.S.C. § 846
NMT 20 Years Imprisonment
NMT $1,000,000 Fine
NLT 3 Years Supervised Release
Class C Felony

**COUNT 3**
18 U.S.C. § 1956(h)
NMT 20 Years Imprisonment
NMT $500,000 Fine
NMT 3 Years Supervised Release
Class C Felony

**COUNTS 4 through 10**
21 U.S.C. §§ 802(32), 813, and 841(a)(1)
and 841(b)(1)(C)
NMT 20 Years Imprisonment
NMT $1,000,000 Fine
NLT 3 Years Supervised Release
Class C Felony

**COUNTS 11 through 15**
21 U.S.C. § 856
NMT 20 Years Imprisonment
NMT $500,000 Fine
NMT 3 Years Supervised Release
Class C Felony

FORFEITURE ALLEGATION 1
18 U.S.C. § 981(a)(1)(C) and
28 U.S.C. § 2461(c)
Criminal Forfeiture

**Defendants/Counts**
**B. Franklin: 1-3, and 10.**
**D. Franklin: 1-3.**
**C. Franklin: 1-3.**
**J. Elliott: 1, 2, 4-6, 11, and 12.**
**T. Elliott: 1, 2, 9, and 13.**
**A. Nail: 1, 2, 4, 5, and 12.**
**D. Barnhart: 1, 2, 6, and 11.**
**D. Nail: 1, 2, 9, and 13.**
**R. McCall: 1, 2, 7, 8, and 14.**
**J. Hudson: 1, 2, 10, and 15.**

FORFEITURE ALLEGATION 2
21 U.S.C. § 853
Criminal Forfeiture

FORFEITURE ALLEGATION 3
18 U.S.C. § 982(a)(1)
Criminal Forfeiture

$100 Special Assessment (Each Count)

## I N D I C T M E N T

### THE GRAND JURY CHARGES THAT:

### COUNT 1
(Conspiracy to Commit Mail Fraud)
18 U.S.C. § 1341 and § 1349

### The Conspiracy and Its Objects

Between October 29, 2009, and the date of this Indictment, said dates being approximate, in Greene, Wright, Douglas, and Jasper Counties, in the Western District of Missouri, and elsewhere, the defendants, **BRANDON D. FRANKLIN, DOUGLAS K. FRANKLIN, CAITLYN E. FRANKLIN, JEREMY W. ELLIOTT, TRAVIS L. ELLIOTT, AUSTIN B. NAIL, DEWAYNE T. BARNHART, DAYNE T. NAIL, RAY O. MCCALL,** and **JESSE HUDSON,** knowingly and intentionally combined, conspired and agreed with each other and others, both known and unknown to the grand jury, to commit an offense against the United States, that is, having devised and intended to devise a scheme to defraud the Food and Drug Administration, to defraud the public, and to obtain money by means of materially false and fraudulent pretenses and representations, that is, false pretenses and representations that

Kryp2nite products were "incense" and "not for human consumption," when in truth and fact Kryp2nite was a synthetic cannabinoid that contained compounds known as 1-pentyl-3-(1-naphthoyl)indole (JWH-018), 1-butyl-3-(1-naphthoyl)indole (JWH-073), 1-(5-fluoropentyl)-3-(1-naphthoyl)indole (AM-2201), 1-Pentyl-3-(2,2,3,3-tetrarnethylcyclopropyl)indole (UR-144), and 1-(5-fluoro-pentyl)-3-(2,2,3,3- tetramethylcyclopropoyl)indole, also known as (XLR-11), that were intended for human consumption as a drug, and for the purpose of executing such scheme and artifice, to mail Kryp2nite products to be sent or delivered by commercial interstate carrier, all contrary to the provisions of Title 18, United States Code, Section 1341.

### Manner and Means

The defendants, **BRANDON D. FRANKLIN, DOUGLAS K. FRANKLIN, CAITLYN E. FRANKLIN, JEREMY W. ELLIOTT, TRAVIS L. ELLIOTT, AUSTIN B. NAIL, DEWAYNE T. BARNHART, DAYNE T. NAIL, RAY O. MCCALL,** and **JESSE HUDSON,** used the following manner and means in furtherance of the conspiracy:

a.      On December 15, 2009, Douglas K. Franklin registered the fictitious business name "ThirdEye" with the Missouri Secretary of State.  The registration form identified Brandon D. Franklin and Douglas K. Franklin as the owners of "ThirdEye."

b.      On December 15, 2009, Caitlyn E. Franklin established FedEx shipping account 113420979 was established in the name of ThirdEye, subsequently known as 3RDI, LLC.

c.      On or about December 30, 2009, Brandon K. Franklin incorporated ThirdEye, Inc., in the State of Missouri.

-3-

d.        On or about March 1, 2010, Brandon D. Franklin mailed or caused to be mailed a FedEx parcel bearing tracking number 793313279129 and containing Kryp2nite products to Ray's Country Store, RR 1, Box 89, Mountain Grove, Missouri.

e.        On or about April 14, 2010, Jeremy W. Elliott registered the fictitious business name "Mr. Nice Guy" with the Missouri Secretary of State. The registration form identified Jeremy Elliott as the sole owner. Austin B. Nail managed the Joplin, Missouri, store. DeWayne Barnhart managed the Webb City, Missouri, store.

f.        The Articles of Organization of "A Head of Our Times, LLC" identify Travis Lee Elliott as the registered agent. Travis Lee Elliott was the sole owner of the business, while Dayne T. Nail managed its Springfield, Missouri, store.

g.        On or about September 1, 2010, Brandon D. Franklin mailed or caused to be mailed a Fed Ex parcel bearing tracking number 793876546535 and containing Kryp2nite products to Sunshine 1, 1207, West Kearney St., Springfield, Missouri.

h.        On November 3, 2010, Jesse Hudson registered the fictitious business name "Karma's Bazaar" with the Missouri Secretary of State. The registration form identified Jesse Hudson as the sole owner of "Karma's Bazaar."

i.        On or about November 13, 2010, Douglas K. Franklin mailed or caused to be mailed a FedEx parcel bearing tracking number 796447574732 and containing Kryp2nite products to Allen Gibson, 3341 S. Robberson, Springfield, Missouri.

j.        On or about November 16, 2010, Douglas K. Franklin mailed or caused to be mailed a FedEx parcel bearing tracking number 794119274012 and containing Kryp2nite products to Travis Elliott, Mr. Nice Guy, 1338 W. Sunshine St., Springfield, Missouri.

k.       On or about December 15, 2010, Douglas K. Franklin mailed or caused to be mailed a FedEx parcel bearing tracking number 794220072032 and containing Kryp2nite products to "Sunny SRB, 1620 E. Sunshine, St., Springfield, MO."

l.       On or about February 15, 2011, Ray O. McCall registered the fictitious business name "Ray's Country Store" with the Missouri Secretary of State.  The registration form identified Ray O. McCall as the sole owner of "Ray's Country Store."  That same day, Ray O. McCall registered the fictitious business name "Good Vibes Convenience Store" with the Missouri Secretary of State.  The registration form identified Ray O. McCall as the sole owner of "Good Vibes Convenience Store."

m.       On or about May 14, 2011, Brandon D. Franklin mailed or caused to be mailed a FedEx parcel bearing tracking number 797098773006 and containing Kryp2nite products to "Austin, Mr. Nice Guy, 2316 S. Main St., Joplin, Missouri."

n.       On or about February 8, 2012, a Fed Ex parcel bearing tracking number 798039336545 and containing Kryp2nite products was mailed to "Attn: Ray Good Vibes 506 W. College St., Springfield, Missouri."

o.       On or about February 15, 2012, a FedEx parcel bearing tracking number 793230218506 and containing Kryp2nite products was mailed to "Austin, Mr. Nice Guy, 1651 W. 7th St., Ste. 2, Joplin, MO."  This parcel was signed for by "D. Barnhart."

p.       On or about March 8, 2012, a FedEx parcel bearing tracking number 793316718807 and containing Kryp2nite products was mailed to David W. Scott, 221 N. Maple Ave., Mountain Grove, Missouri. This parcel was signed for by "D. Scott."

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
### (Conspiracy to Distribute a Controlled Substance)
### 21 U.S.C. §§ 846, 802(32)(A), 813, and 841(a)(1)

Between March 1, 2011, and the date of this Indictment, said dates being approximate, in Greene, Wright, Douglas, and Jasper Counties, in the Western District of Missouri, and elsewhere, the defendants, **BRANDON D. FRANKLIN, DOUGLAS K. FRANKLIN, CAITLYN E. FRANKLIN, JEREMY W. ELLIOTT, TRAVIS L. ELLIOTT, AUSTIN B. NAIL, DEWAYNE T. BARNHART, DAYNE T. NAIL, RAY O. MCCALL,** and **JESSE HUDSON,** knowingly and intentionally conspired and agreed with each other, and others, known and unknown to the Grand Jury, to distribute:  a mixture or substance containing a detectable amount of (1) AM-2201, (2) UR-144, and (3) XLR-11, each a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that each substance was intended for human consumption as provided in 21 U.S.C. § 813, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), all in violation of Title 21, United States Code, Section 846.

## COUNT 3
### (Conspiracy to Commit Money Laundering)
### 18 U.S.C. § 1956(h)

Between October 29, 2009, and the date of this Indictment, said dates being approximate, in Greene and Webster Counties, within the Western District of Missouri and elsewhere the defendants, **BRANDON D. FRANKLIN, DOUGLAS K. FRANKLIN,** and **CAITLYN E. FRANKLIN**, did knowingly and intentionally combine, conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

(a)    to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to commit mail fraud and conspiracy to distribute a mixture or substance containing a detectable amount of AM-2201, UR-144, and XLR-11, each a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that each substance was intended for human consumption as provided in 21 U.S.C. § 813, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and,

(b)  to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is funds, such property having been derived from a specified unlawful activity, that is, conspiracy to commit mail fraud and conspiracy to distribute a mixture or substance containing a detectable amount of 1-(5-fluoropentyl)-3-(1-naphthoyl)indole AM-2201, UR-144, and XLR-11, each a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that each substance was intended for human consumption as provided in 21 U.S.C. § 813, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), in violation of Title 18, United States Code, Section 1957.

**Manner and Means**

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

a. On or about January 30, 2010, Brandon D. Franklin paid $500 in United States Currency to purchase a 2005 INTE Enclosed Trailer, VIN Number 4RACS10195C003830.

b. On March 25, 2010, check number 2033 in the amount of $95,000 was issued from Arvest Bank account number ****4700 of Thirdeye, Inc. and made payable to "John Sloan" (sic). The number inscribed in the memo portion of the check was ******5627, which was the account number for a Wells Fargo home mortgage of Jonathan Sloan, of Bouncing Bear Botanicals. The check was never deposited into any bank account controlled or maintained by Sloan, but instead was diverted to America's Servicing Company (ASC), of Des Moines, Iowa, a mortgage service company. The check was eventually credited against Sloan's mortgage balance with Wells Fargo Bank for his personal residence at 1639 Massachusetts Street, Lawrence, Kansas.

c. On April 8, 2010, cashier's check number 2354453, in the amount of $28,044, was issued to Frank Fletcher Toyota in Joplin, Missouri. The check was issued by Arvest Bank and listed Douglas K. Franklin as the remitter. The check was purchased with funds withdrawn from the Thirdeye, Inc. account number ****4700, on April 8, 2010.

d. On May 14, 2010, $145,000 was wire transferred to Southern Missouri Bank of Marshfield from the business checking account number ****4700 of Thirdeye, Inc. The wire instructions indicated that it was for further credit to D.D. Hamilton Escrow Account number ******4210.

e.      On September 15, 2010, $113,809.83 was wire transferred from Thirdeye, Inc.'s Arvest Bank account number ****4700 to Fidelity National Title of Oregon.  The wire cleared through U.S. Bank in Portland, Oregon.

f.      On January 10, 2011, check number 1092 was issued from the Arvest Bank personal checking account of Brandon Franklin, number ending in 2691.  The check was made payable to U.S. Bank in the amount of $43,234.09, and bears the signature of Brandon Franklin.  The memo portion of the check stated "mortgage pay off."

g.      On January 12, 2011, check numbers 2320 and 2321 were issued from the Arvest Bank business checking account number ****4700 of Thirdeye, Inc. Both checks were made payable to NFS (National Financial Services, LLC.) and were in the amount of $49,000 each.  The memo portions of checks 2320 and 2321 indicated they were for "Sep IRA 2010 PYC B3E-033936" and "Sep IRA 2010 PYC B3E-033944", respectively.  NFS is a security and investment advisory service of Equity Services, Inc.  Both checks appeared to bear the signature of Brandon Franklin.

h.      On May 19, 2011, $20,000 was wired transferred from the Arvest account number ****0868 of Douglas Franklin to Forex.com Customer Funds, in Warren, New Jersey.  The wire cleared through the Bank of America, New York City.

i.      On June 20, 2011, $124,087.16 was wire transferred from Brandon Franklin's Arvest Bank account number ****2691 to the Chicago Title Company, in Roseville, California.  The wire was received at Wells Fargo Bank.

j.      On December 16, 2011, Brandon Franklin issued check number 1144, in the amount of $200,000, from his Arvest Bank account number ****2691.  The check was made

Case 6:12-cr-03085-RED   Document 45   Filed 12/11/12   Page 9 of 28

payable to Wells Fargo Bank, N.A. Escrow Agent, Atlas Resources Series 31-2011 LP and cleared the account on December 22, 2011. "Atlas Energy investment" was inscribed in the memo portion of the check. Internet research by investigators revealed Atlas Energy, L.P. issued shares of Atlas Resources Series 31-2011 L.P., an investment vehicle. The offering is now closed to additional investors.

k.      On January 26, 2012, check number 1001, in the amount of $100,000, was written from 3RDI bank account number ****4111, at Arvest Bank. The check was issued to Further Holdings and deposited into account number ********0060 at US Bank.

l.      On January 26, 2012, check number 1002, in the amount of $50,000, was written from 3RDI bank account number ****4111, at Arvest Bank. The check was issued to Further Holdings and deposited into account number ********0060 at US Bank.

m.      On March 15, 2012, check number 20043, in the amount of $125,000, was written from 3RDI bank account number ****4111, at Arvest Bank. The check was issued to Further Holdings, LLC and deposited into account number ********0060 at US Bank.

n.      On March 15, 2012, check number 1008, in the amount of $25,000, was written from 3RDI, LLC bank account number ********0052, at US Bank. The check was issued to Further Holdings and deposited into account number ********0060 at US Bank.

o.      On April 6, 2012, a branch account transfer, in the amount of $75,000, was written from 3RDI, LLC bank account number ********0052, at US Bank. The check was issued to Further Holdings and deposited into account number ********0060 at US Bank.

p.      On April 23, 2012, check number 60006, in the amount of $50,000, was written from the Further Holdings bank account number ending in ********0060, at US Bank. The

-10-

check was issued to Brandon Franklin and deposited into his Arvest Bank account number ending in ****2691.

q.      On May 9, 2012, check number 20088, in the amount of $75,000, was written from 3RDI bank account number ****4111, at Arvest Bank.  The check was issued to Further Holdings and deposited into account number ********0060 at US Bank.

r.      On May 29, 2012, check number 20104, in the amount of $75,000, was written from 3RDI bank account number ****4111, at Arvest Bank.  The check was issued to Further Holdings and deposited into account number ********0060 at US Bank.

s.      On June 27, 2012, check number 30002, in the amount of $50,000, was written from 3RDI, LLC bank account number ********0052, at US Bank.  The check was issued to Further Holdings and deposited into account number ********0060 at US Bank.

t.      On July 12, 2012, check number 20139, in the amount of $450,000, was written from 3RDI bank account number ****4111, at Arvest Bank.  The check was issued to Further Holdings and deposited into account number ********0060 at US Bank.

u.      A total of $1,035,600 was transferred into the U.S. Bank account of Further Holdings, LLC., from accounts maintained by 3RDI, LLC, at Arvest Bank and U.S. Bank.

v.      Through August 31, 2012, and subsequent to each transfer of funds from accounts maintained by 3RDI, LLC, to the U.S. Bank account of Further Holdings, LLC., further transfers totaling at least $695,000 were made to the U.S. Bank account number ********0086 maintained by Hellbender Meadery, LLC.  The Hellbender Meadery, LLC, account was controlled by Caitlyn E. and Brandon D. Franklin.

**COUNT 4**
(Possession with Intent to Distribute a Controlled Substance)
21 U.S.C. §§ 802(32)(A), 813, and 841(a)(1)

On or about March 17, 2012, said date being approximate, in Jasper County, in the Western District of Missouri, and elsewhere, the defendants, **JEREMY W. ELLIOTT,** and **AUSTIN B. NAIL,** aiding and abetting each other and others, knowingly and intentionally possessed with the intent to distribute a mixture or substance containing a detectable amount of UR-144, a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

**COUNT 5**
(Possession with Intent to Distribute a Controlled Substance)
21 U.S.C. §§ 802(32)(A), 813, and 841(a)(1)

On or about May 7, 2012, said date being approximate, in Jasper County, in the Western District of Missouri, and elsewhere, the defendants, **JEREMY W. ELLIOTT,** and **AUSTIN B. NAIL,** aiding and abetting each other and others, knowingly and intentionally possessed with the intent to distribute a mixture or substance containing a detectable amount of UR-144, a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

**COUNT 6**
(Possession with Intent to Distribute a Controlled Substance)
21 U.S.C. §§ 802(32)(A), 813, and 841(a)(1)

On or about May 7, 2012, said date being approximate, in Jasper County, in the Western District of Missouri, and elsewhere, the defendants, **JEREMY W. ELLIOTT,** and **DEWAYNE T. BARNHART,** aiding and abetting each other and others, knowingly and intentionally possessed with the intent to distribute a mixture or substance containing a detectable amount of UR-144, a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

**COUNT 7**
(Distribution of a Controlled Substance)
21 U.S.C. §§ 802(32)(A), 813, and 841(a)(1)

On or about May 14, 2012, said date being approximate, in Douglas County, in the Western District of Missouri, and elsewhere, the defendant, **RAY O. MCCALL,** aiding and abetting others, knowingly and intentionally distributed a mixture or substance containing a detectable amount of UR-144, a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

Case 6:12-cr-03085-RED   Document 45   Filed 12/11/12   Page 13 of 28

## COUNT 8
### (Distribution of a Controlled Substance)
### 21 U.S.C. §§ 802(32)(A), 813, and 841(a)(1)

On or about June 5, 2012, said date being approximate, in Douglas County, in the Western District of Missouri, and elsewhere, the defendant, **RAY O. MCCALL,** aiding and abetting others, knowingly and intentionally distributed a mixture or substance containing a detectable amount of UR-144 and XLR-11, each a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 9
### (Possession with Intent to Distribute a Controlled Substance)
### 21 U.S.C. §§ 802(32)(A), 813, and 841(a)(1)

On or about June 12, 2012, said date being approximate, in Greene County, in the Western District of Missouri, and elsewhere, the defendants, **TRAVIS L. ELLIOTT,** and **DAYNE T. NAIL,** aiding and abetting each other and others, knowingly and intentionally possessed with the intent to distribute a mixture or substance containing a detectable amount of UR-144, a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 10
### (Possession with Intent to Distribute a Controlled Substance)
21 U.S.C. §§ 802(32)(A), 813, and 841(a)(1)

On or about July 25, 2012, said date being approximate, in Greene County, in the Western District of Missouri, and elsewhere, the defendants, **BRANDON D. FRANKLIN** and **JESSE HUDSON,** aiding and abetting each other and others, knowingly and intentionally possessed with the intent to distribute a mixture or substance containing a detectable amount of UR-144, a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNTS 11 through 15
### (Maintaining a Place for the Purpose of Storing and Distributing a Controlled Substance)
21 U.S.C. § 856(a)(1)

Between the dates set forth below in each individual count, said dates being approximate, in the Western District of Missouri and elsewhere, the defendants listed in each individual count, aiding and abetting each other and others, opened and maintained the commercial premises listed in each individual count, for the purpose of unlawfully  storing and distributing a mixture or substance containing a detectable amount of AM2201, UR-144, and XLR-11, each a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C):

| COUNT | DATES | DEFENDANTS | COMMERCIAL PREMISES |
|---|---|---|---|
| 11 | March 1, 2011, and December 11, 2012 | **JEREMY W. ELLIOTT** and **DEWAYNE T. BARNHART** | Mr. Nice Guy, at 1651 W. 7th, St., Suite #2, Joplin, Missouri |
| 12 | March 1, 2011, and December 11, 2012 | **JEREMY W. ELLIOTT** and **AUSTIN B. NAIL** | Mr. Nice Guy, at 1715 S. Madison St., Suite #2, Webb City, Missouri |

Case 6:12-cr-03085-RED   Document 45   Filed 12/11/12   Page 15 of 28

| 13 | March 1, 2011, and December 11, 2012 | **RAY O. MCCALL** | Ray's Country Store, at the Junction of Missouri 76 and Route EE, Douglas County, Missouri |
| 14 | March 1, 2011, and December 11, 2012 | **TRAVIS L. ELLIOTT** and **DAYNE T. NAIL** | A Head of Our Times, at 1400 W. Sunshine, Springfield, Missouri |
| 15 | March 1, 2011, and December 11, 2012 | **JESSE HUDSON** | Karma's Bazaar, at 2305 S. Campbell, Springfield, Missouri |

All in violation of Title 21, United States Code, Section 856, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION 1
### (In violation of Title 18 U.S.C. §§ 1341 and 1349 - Mail Fraud)

The allegations of Count 1 of this indictment are alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of property, in which one or more of the defendants has an interest, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense alleged in Count 1, the defendants, **BRANDON D. FRANKLIN, DOUGLAS K. FRANKLIN,** and **CAITLYN E. FRANKLIN**, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Count 1, all pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The property to be forfeited includes, but is not limited to, the following:

### Money Judgment

A sum of money equal to $6,760,041.36 in United States Currency, representing a sum of money equal to the total amount of money involved in the conspiracy to commit a violation of Title 18, United States Code, Section 1349, for which a defendant is convicted. If more than one

-16-

defendant is convicted of Count 1, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

## Real Property

a.      All of that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 39437 Deerhorn Road, Springfield, Oregon, and more particularly described as:

MAP NO. 17-01-33/TAX LOT NO. 102/SECTION 33/TOWNSHIP17/RANGE1W

BEGINNING AT A POINT ON THE NORTH LINE OF COUNTY ROAD #404, SAID POINT BEING 2,150 FEET SOUTH 88 DEGREES, 56 FEET, 42 INCHES EAST AND 514.36 FEET SOUTH FROM THE NORTH ¼ SECTION CORNER OF SECTION 33, TOWNSHIP 17 SOUTH, RANGE 1 WEST, WILLAMETTE MERIDIAN, RUN THENCE NORTH 14 DEGREES, 7 FEET, 15 INCHES WEST 350 FEET TO THE SOUTH BANK OF THE MCKENZIE RIVER, THENCE EASTERLY ALONG SAID SOUTH BANK TO THE EAST LINE OF SAID SECTION 33, THENCE SOUTH ALONG THE EAST LINE OF SECTION 33, TO THE NORTH LINE OF COUNTY ROAD #404, THENCE SOUTHWESTERLY ALONG THE NORTH LINE OF SAID COUNTY ROAD TO THE POINT OF BEGINNING, IN LANE COUNTY, OREGON.

b.      All of that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 8866 Faye Lane, Redding, California, and more particularly described as:

APN: 054-450-003

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA, COUNTY OF SHASTA, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

ALL THAT PORTION OF THE NORTHWEST ONE-QUARTER OF SECTION 15, TOWNSHIP 31 NORTH, RANGE 4 WEST, M.D.B.&M., DESCRIBED AS FOLLOWS: COMMENCING AT THE NORTHWEST CORNER OF SAID SECTION 15; THENCE, SOUTH ALONG THE WEST LINE OF SAID SECTION 15, A DISTANCE OF 1320.00 FEET; THENCE EAST PARALLEL WITH THE NORTH LINE OF SAID SECTION 15, 450.00 FEET TO THE POINT OF BEGINNING OF THIS PARCEL; THENCE, CONTINUING EAST PARALLEL WITH SAID NORTH LINE 240.00 FEET; THENCE, AT RIGHT ANGLES SOUTH 200.00 FEET; THENCE

-17-

AT RIGHT ANGLES WEST 226.77 FEET; THENCE NORTH 3 DEGREES 47 FEET WEST 200.44 FEET TO THE POINT OF BEGINNING.

c.     All of that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 3816, 3818, and 3820 State Hwy KK, Rogersville, Missouri, and more particularly described as:

THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER, AND THAT PART OF THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER LYING SOUTH OF WEBSTER COUNTY ROUTE "KK", ALL IN SECTION 15, TOWNSHIP 29, RANGE 19, WEBSTER COUNTY, MISSOURI.

d.     All of that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 1710 W. Olive, Springfield, Missouri, and more particularly described as:

ALL OF LOT FIFTY-ONE (51) IN WALNUT STREET ADDITION, IN THE CITY OF SPRINGFIELD, GREENE COUNTY, MISSOURI, ACCORDING TO THE RECORDED PLAT THEREOF.

### Personal Property

a.     A 2010-year Toyota Tacoma, VIN Number 5TELU4ENXAZ730187.

b.     A 2005 INTE Enclosed Trailer, VIN Number 4RACS10195C003830.

### Bank Accounts

a.     All United States currency funds or other monetary instruments credited to Arvest Bank account number ****0868 in the name of Douglas Kelly Franklin and Caitlyn Elizabeth Franklin and located in Springfield, Missouri.

b.     All United States currency funds or other monetary instruments credited to Arvest Bank account number ****2691 in the name of Brandon D. Franklin and located in Springfield, Missouri.

c.      All United States currency funds or other monetary instruments credited to Arvest Bank account number ****4111 in the name of 3RDI, LLC and located in Springfield, Missouri.

d.      $25,000 in United States currency funds or other monetary instruments credited to Arvest Bank account number ******0654 in the name of 3RDI, Inc. and located in Springfield, Missouri.

e.      $10,000 in United States currency funds or other monetary instruments credited to Arvest Bank account number ******5948 in the name of Douglas K. Franklin and located in Springfield, Missouri.

f.      $500,000 in United States currency funds or other monetary instruments credited to Arvest Bank account number ******0941 in the name of 3RDI, Inc. and located in Springfield, Missouri.

g.      All United States currency funds or other monetary instruments credited to U.S. Bank account ********0052 in the name 3RDI, LLC, and located in Springfield, Missouri.

h.      All United States currency funds or other monetary instruments credited to U.S. Bank account ********0060 in the name Further Holdings, LLC, and located in Springfield, Missouri.

i.      All United States currency funds or other monetary instruments credited to U.S. Bank account ********0086 in the name Hellbender Meadery, LLC, and located in Springfield, Missouri.

**Investments**

a.      $200,000 in United States currency funds or other monetary instruments credited to and invested with Atlas Energy, L.P. as Atlas Resources Series 31-2011 L.P.

b.     $20,000 in United States currency funds or other monetary instruments credited to and invested with Forex.com.

c.     $49,000 in United States currency funds or other monetary instruments credited to and invested with National Financial Service (NFS), a division of Fidelity Investments, under account number B3E-033944, in the name of Brandon D. Franklin.

d.     $49,000 in United States currency funds or other monetary instruments credited to and invested with National Financial Service (NFS), a division of Fidelity Investments, under account number B3E-033936, in the name of Douglas K. Franklin.

### FORFEITURE ALLEGATION 2
(In violation of 21 U.S.C. § 846 – Conspiracy to Distribute)

The allegations contained in Count 2 of this Indictment is realleged and incorporated by reference for the purpose of alleging a forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

The defendants, **BRANDON D. FRANKLIN, DOUGLAS K. FRANKLIN,** and **CAITLYN E. FRANKLIN**, shall forfeit to the United States all property, real and personal, constituting and derived from any proceeds said defendant obtained directly and indirectly as a result of the violation incorporated by reference in this Forfeiture Allegation and all property used, or intended to be used, in any manner or part, to commit, and to facilitate  the commission of the violations incorporated by reference in this Forfeiture Allegation, including but not limited to the following:

### Money Judgment

A sum of money equal to $3,623,407.14 in United States Currency, representing a sum of money equal to the total amount of money involved in the conspiracy to commit a violation of

-20-

Title 21, United States Code, Section 846, for which a defendant is convicted. If more than one defendant is convicted of Count 2, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

### Real Property

All of that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 8866 Faye Lane, Redding, California, and more particularly described as:

APN: 054-450-003

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA, COUNTY OF SHASTA, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

ALL THAT PORTION OF THE NORTHWEST ONE-QUARTER OF SECTION 15, TOWNSHIP 31 NORTH, RANGE 4 WEST, M.D.B.&M., DESCRIBED AS FOLLOWS: COMMENCING AT THE NORTHWEST CORNER OF SAID SECTION 15; THENCE, SOUTH ALONG THE WEST LINE OF SAID SECTION 15, A DISTANCE OF 1320.00 FEET; THENCE EAST PARALLEL WITH THE NORTH LINE OF SAID SECTION 15, 450.00 FEET TO THE POINT OF BEGINNING OF THIS PARCEL; THENCE, CONTINUING EAST PARALLEL WITH SAID NORTH LINE 240.00 FEET; THENCE, AT RIGHT ANGLES SOUTH 200.00 FEET; THENCE AT RIGHT ANGLES WEST 226.77 FEET; THENCE NORTH 3 DEGREES 47 FEET WEST 200.44 FEET TO THE POINT OF BEGINNING.

### Bank Accounts

a.      All United States currency funds or other monetary instruments credited to Arvest Bank account number ****4111 in the name of 3RDI, LLC and located in Springfield, Missouri.

b.      $25,000 in United States currency funds or other monetary instruments credited to Arvest Bank account number ******0654 in the name of 3RDI, Inc. and located in Springfield, Missouri.

c.       $10,000 in United States currency funds or other monetary instruments credited to Arvest Bank account number ******5948 in the name of Douglas K. Franklin and located in Springfield, Missouri.

d.       $500,000 in United States currency funds or other monetary instruments credited to Arvest Bank account number ******0941 in the name of 3RDI, Inc. and located in Springfield, Missouri.

e.       All United States currency funds or other monetary instruments credited to U.S. Bank account ********0052 in the name 3RDI, LLC, and located in Springfield, Missouri.

f.       All United States currency funds or other monetary instruments credited to U.S. Bank account ********0060 in the name Further Holdings, LLC, and located in Springfield, Missouri.

g.       All United States currency funds or other monetary instruments credited to U.S. Bank account ********0086 in the name Hellbender Meadery, LLC, and located in Springfield, Missouri.

## Investments

a.       $200,000 in United States currency funds or other monetary instruments credited to and invested with Atlas Energy, L.P. as Atlas Resources Series 31-2011 L.P.

b.       $20,000 in United States currency funds or other monetary instruments credited to and invested with Forex.com.

## Substitute Assets

In the event that the property which is subject to forfeiture to the United States, as a result of an act or omission of the Defendant:

a.      Cannot be located upon exercise of due diligence;

b.      has been placed beyond the jurisdiction of the Court;

c.      has been transferred or sold to, or deposited with a third party;

d.      has been substantially diminished in value; or,

e.      has been commingled with other which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of such property, pursuant to Title 21, United States Code, Section 853(p), made applicable to these offenses by Title 18, United States Code, Section 982(b).

### FORFEITURE ALLEGATION 3
(In violation of Title 18 U.S.C. § 1956(h) - Money Laundering)

The allegations contained in Count 3 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging a forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

Upon conviction of the offense alleged in Count 3, the defendants, **BRANDON D. FRANKLIN, DOUGLAS K. FRANKLIN,** and **CAITLYN E. FRANKLIN**, shall forfeit to the United States the following property:

(a)      All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following:

(i)      all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956;

-23-

(ii)     all commissions, fees and other property constituting proceeds obtained as a result of those violations; and,

(iii)    all property used in any manner or part to commit or to facilitate the commission of those violations.

The property to be forfeited includes, but is not limited to, the following:

## Money Judgment

A sum of money equal to $6,760,041.36 in United States Currency, representing a sum of money equal to the total amount of money involved in the conspiracy to commit a violation of Title 18, United States Code, Section 1956(h), for which a defendant is convicted.  If more than one defendant is convicted of Count 3, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

## Real Property

a.     All of that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 39437 Deerhorn Road, Springfield, Oregon, and more particularly described as:

MAP NO. 17-01-33/TAX LOT NO. 102/SECTION 33/TOWNSHIP17/RANGE1W

BEGINNING AT A POINT ON THE NORTH LINE OF COUNTY ROAD #404, SAID POINT BEING 2,150 FEET SOUTH 88 DEGREES, 56 FEET, 42 INCHES EAST AND 514.36 FEET SOUTH FROM THE NORTH ¼ SECTION CORNER OF SECTION 33, TOWNSHIP 17 SOUTH, RANGE 1 WEST, WILLAMETTE MERIDIAN, RUN THENCE NORTH 14 DEGREES, 7 FEET, 15 INCHES WEST 350 FEET TO THE SOUTH BANK OF THE MCKENZIE RIVER, THENCE EASTERLY ALONG SAID SOUTH BANK TO THE EAST LINE OF SAID SECTION 33, THENCE SOUTH ALONG THE EAST LINE OF SECTION 33, TO THE NORTH LINE OF COUNTY ROAD #404, THENCE SOUTHWESTERLY ALONG THE NORTH LINE OF SAID COUNTY ROAD TO THE POINT OF BEGINNING, IN LANE COUNTY, OREGON.

b.      All of that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 8866 Faye Lane, Redding, California, and more particularly described as:

APN: 054-450-003

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA, COUNTY OF SHASTA, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

ALL THAT PORTION OF THE NORTHWEST ONE-QUARTER OF SECTION 15, TOWNSHIP 31 NORTH, RANGE 4 WEST, M.D.B.&M., DESCRIBED AS FOLLOWS: COMMENCING AT THE NORTHWEST CORNER OF SAID SECTION 15; THENCE, SOUTH ALONG THE WEST LINE OF SAID SECTION 15, A DISTANCE OF 1320.00 FEET; THENCE EAST PARALLEL WITH THE NORTH LINE OF SAID SECTION 15, 450.00 FEET TO THE POINT OF BEGINNING OF THIS PARCEL; THENCE, CONTINUING EAST PARALLEL WITH SAID NORTH LINE 240.00 FEET; THENCE, AT RIGHT ANGLES SOUTH 200.00 FEET; THENCE AT RIGHT ANGLES WEST 226.77 FEET; THENCE NORTH 3 DEGREES 47 FEET WEST 200.44 FEET TO THE POINT OF BEGINNING.

c.      All of that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 3816, 3818, and 3820 State Hwy KK, Rogersville, Missouri, and more particularly described as:

THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER, AND THAT PART OF THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER LYING SOUTH OF WEBSTER COUNTY ROUTE "KK", ALL IN SECTION 15, TOWNSHIP 29, RANGE 19, WEBSTER COUNTY, MISSOURI.

d.      All of that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 1710 W. Olive, Springfield, Missouri, and more particularly described as:

ALL OF LOT FIFTY-ONE (51) IN WALNUT STREET ADDITION, IN THE CITY OF SPRINGFIELD, GREENE COUNTY, MISSOURI, ACCORDING TO THE RECORDED PLAT THEREOF.

## **Personal Property**

a.      A 2010-year Toyota Tacoma, VIN Number 5TELU4ENXAZ730187.

b.      A 2005 INTE Enclosed Trailer, VIN Number 4RACS10195C003830.

## **Bank Accounts**

a.      All United States currency funds or other monetary instruments credited to Arvest Bank account number ****0868 in the name of Douglas Kelly Franklin and Caitlyn Elizabeth Franklin and located in Springfield, Missouri.

b.      All United States currency funds or other monetary instruments credited to Arvest Bank account number ****2691 in the name of Brandon D. Franklin and located in Springfield, Missouri.

c.      All United States currency funds or other monetary instruments credited to Arvest Bank account number ****4111 in the name of 3RDI, LLC and located in Springfield, Missouri.

d.      $25,000 in United States currency funds or other monetary instruments credited to Arvest Bank account number ******0654 in the name of 3RDI, Inc. and located in Springfield, Missouri.

e.      $10,000 in United States currency funds or other monetary instruments credited to Arvest Bank account number ******5948 in the name of Douglas K. Franklin and located in Springfield, Missouri.

f.      $500,000 in United States currency funds or other monetary instruments credited to Arvest Bank account number ******0941 in the name of 3RDI, Inc. and located in Springfield, Missouri.

Case 6:12-cr-03085-RED   Document 45   Filed 12/11/12   Page 26 of 28

g.      All United States currency funds or other monetary instruments credited to U.S. Bank account ********0052 in the name 3RDI, LLC, and located in Springfield, Missouri.

h.      All United States currency funds or other monetary instruments credited to U.S. Bank account ********0060 in the name Further Holdings, LLC, and located in Springfield, Missouri.

i.      All United States currency funds or other monetary instruments credited to U.S. Bank account ********0086 in the name Hellbender Meadery, LLC, and located in Springfield, Missouri.

## Investments

a.      $200,000 in United States currency funds or other monetary instruments credited to and invested with Atlas Energy, L.P. as Atlas Resources Series 31-2011 L.P.

b.      $20,000 in United States currency funds or other monetary instruments credited to and invested with Forex.com.

c.      $49,000 in United States currency funds or other monetary instruments credited to and invested with National Financial Service (NFS), a division of Fidelity Investments, under account number B3E-033944, in the name of Brandon D. Franklin.

d.      $49,000 in United States currency funds or other monetary instruments credited to and invested with National Financial Service (NFS), a division of Fidelity Investments, under account number B3E-033936, in the name of Douglas K. Franklin.

## Substitute Assets

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the

value of the amount described in this count, if, by any act or omission of the defendant, the property described herein, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.

**A TRUE BILL**

/s/_____
FOREPERSON OF THE GRAND JURY

/s/ Michael S. Oliver_____
**MICHAEL S. OLIVER** #41832
Assistant United States Attorney

DATED:  December 11, 2012
        Springfield, Missouri

Case 6:12-cr-03085-RED   Document 45   Filed 12/11/12   Page 28 of 28